```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD PISTORIUS,                  :
            Petitioner,            :
       v.                          :   Civil Action No. 05-187J
JOHN YOST, WARDEN, F.C.I.          :
LORETTO,                           :
            Respondent             :
```

### Report and Recommendation

Recommendation

Pending is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241. I recommend that the petition be dismissed as moot.

Report

Petitioner was sentenced to 33 months imprisonment by this Court on October 10, 2003. At the time, the Bureau of Prisons considered inmates for placement in community corrections centers and halfway houses for the last ten percent of their sentences, a policy adopted pursuant to a letter opinion of December 13, 2002, by the Department of Justice's Office of Legal Counsel. The OLC's memorandum advised the Bureau of Prisons that its practice prior to December 2002, of placing inmates in community corrections centers for the last six months of their sentences, whether that was more or less than ten percent of their sentences, disregarded the limitation in 18 U.S.C.§ 3624 that placement be for "a reasonable part, not to exceed six months, of **the last 10 per centum** of the term to be served." (my emphasis). Petitioner filed this petition seeking consideration under the Bureau of Prisons'

pre-2002 rules for a full six months in a community corrections center rather than continuing at F.C.I. Loretto, asserting that the OLC's memorandum erroneously interpreted the Bureau of Prisons' power under 18 U.S.C.§ 3621 to designate the place where a federal defendant serves a sentence of imprisonment, and could not be applied to him without violating the Ex Post Facto Clause.

Faced with numerous judicial opinions holding that the Bureau of Prisons' adoption of the OLC's interpretation of the Bureau's power to place inmates violated the Administrative Procedures Act (and also violated the Ex Post Facto Clause), the Bureau of Prisons promulgated a final rule effective February 14, 2005, adopting the position taken by the OLC.  See 70 FR 1659, revising 28 C.F.R.§ 570.21.  Petitioner amended his petition to challenge this rule on the same grounds as in the original petition.  See docket no. 12, docket no. 13.

In December 2005, the Court of Appeals for the Third Circuit held that the Bureau of Prisons' February 14, 2005 rule incorrectly interprets the Bureau's power under 18 U.S.C.§ 3621 to designate the place where a federal defendant serves a sentence of imprisonment.  See Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir.2005).  Effectively, the Bureau of Prisons is back in the position it was in before December 2002, permitted to consider an inmate for community corrections center placement without regard to the ten percent of sentence limitation.

After the decision in <u>Woodall</u>, the Bureau of Prisons promptly reconsidered petitioner for placement in a community corrections center without regard to the ten percent restriction, and recommended slightly earlier placement in a community corrections center. docket no. 18-1, Response to Motion to Amend Petition, at 1-2. Petitioner received all the relief a writ of habeas corpus could afford him by being reconsidered under the pre-December 13, 2002 rule for placement beyond the ten percent limitation. The petition should therefore be dismissed as moot.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 7 July 2006

Keith A. Pesto,
United States Magistrate Judge

Notice to:

Lisa B. Freeland, Esquire
Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222-3714

Christy C. Wiegand, Esquire
United States Attorney's Office
United States Post Office and Courthouse
Pittsburgh, PA 15219